UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| STEPHEN ROBERTS NUNN, ) | |
| ) | |
| Petitioner, ) | No. 5:17-CV-356-WOB-REW |
| ) | |
| v. ) | |
| ) | RECOMMENDED |
| AARON SMITH, WARDEN, ) | DISPOSITION |
| ) | |
| Respondent. ) | |
| ) | |

*** *** *** ***

Petitioner seeks a preliminary injunction, a temporary restraining order, and an order of protection. DE 14 (Motion). Nunn alleges that Respondent's subordinate seized (with plans to destroy) all of the evidence and documentation necessary for Petitioner to prepare post-conviction relief filings. *See id.* (Motion). The Respondent, Warden Smith, states that the materials Nunn seeks have since been returned to him with minor photograph redactions, in accordance with state policy and procedure. *See* DE 16 (Response).

Respondent's subordinate, Deputy Warden Valentine, has certified that Nunn already substantially received the relief he originally sought. *See* DE 16-1 (Affidavit) ("The CDs were placed back in the Grievance Office on September 18, 2017[.]"). Accordingly, the Court **RECOMMENDS** that the District Judge **DENY** Petitioner's motion, DE 14, **AS MOOT**.[1] Respondent admits that the redaction process left Nunn

---

[1] Nunn did not address any of the relief standards or any law under Rule 65. The status now is that Nunn again has his materials, sans only the policy-based redactions. Those redactions have no evident pertinence to the timeliness issues soon to be before the Court. As such, the Court sees no basis for further assessment of the merits of DE 14.

without certain case materials for eleven days. *See* DE 16-1. Thus, the Court further **ORDERS** that the existing show-cause deadlines, DE 8 (Order), shall be extended fourteen days.

**Thus, no later than October 23, 2017,** Nunn **shall** show cause why his § 2254 petition should not be dismissed as untimely. Specifically, Nunn shall submit a response strictly limited to the issues of timeliness and equitable tolling (if applicable) by that date. If he fails to provide a sufficient basis in law or fact to toll the limitation period or otherwise render the petition timely, the Court, as an act of initial consideration, likely will recommend denial of the § 2254 petition as time-barred.

Respondent shall file any response to the submission ordered above, limited to the Commonwealth's posture on petition timeliness and equitable tolling (if applicable), by **November 20, 2017**.

The Court does direct the Commonwealth to preserve the redacted materials, pending resolution of the § 2254 petition. In the unlikely event the materials may matter to any merits resolution, those should be available if ordered by the Court.

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. To the extent Nunn disagrees with Deputy Warden Valentine's sworn statement, Petitioner may raise such objection within the aforementioned 14-day period. Nunn should note, however, that the Court is now

concerned only with his access to materials necessary for preparing a response on the timeliness and/or equitable tolling issues.

Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 2nd day of October, 2017.

Signed By:
Robert E. Wier  /s/ REW
United States Magistrate Judge